YOUNG REVERSIBLE LOCK-NUT CO. v. YOUNG LOCK-NUT CO.

(Circuit Court, D. New Jersey. March 1, 1895.)

PATENTS—PRELIMINARY INJUNCTION.

A preliminary injunction will not be granted where defendant shows that the patentee, before making the assignment upon which complainant bases its right, executed an irrevocable power of attorney to a third person, giving full powers as to the sale and disposition of the patent; and that defendant contracted with such attorney to purchase the patent upon time payments, with the right to operate under it in the meantime by paying royalty; and that the payments had since been fully made, and the patent delivered, although no formal assignment had been executed.

This was a bill by the Young Reversible Lock-Nut Company against the Young Lock-Nut Company for infringement of a patent. Complainant moves for a preliminary injunction.

Edwin H. Brown, for complainant.
Alexander Thain, for defendant.

GREEN, District Judge. This matter comes before the court upon a motion for an injunction pendente lite, to restrain the defendant from infringing letters patent No. 447,224, granted to Levi H. Young, February 24, 1891, for "improvement in lock nuts." The

validity of the patent is not attacked in any way by the defendant; and it is admitted that "the defendant has been at all times since the date of its incorporation, down to the present time, and still is, the manufacturer of the peculiar articles covered by the patent." The defendant corporation justifies its alleged infringing acts, which are not denied—First, under a license duly executed by one Ira Abbott, authorizing such manufacture of the patent lock nuts; and, secondly, by virtue of an absolute assignment of the letters patent to it by the said Abbott. In both instances the allegation is that Abbott was acting for and on behalf of the said Young. The facts seem to be these: Soon after Mr. Young, the patentee, obtained letters patent for his invention, by his certain writing under seal, he made, constituted, and appointed the said Ira Abbott his full and lawful attorney, irrevocably for him, and in his name, stead, and place, "to conduct all and any negotiations for the sale or other disposition of the aforesaid patent, or for the formation of a company to manufacture and sell the patented articles under and by virtue of said patent, with full power to transfer and deliver the aforesaid letters patent whensoever and to whomsoever, and for such consideration, as the said Ira Abbott shall deem advisable and think fit and proper." This power of attorney bears date March 30, 1892, and, as it appears, is irrevocable on its face. The evidence in this case does not disclose any attempt to revoke it. Afterwards, on or about the 5th day of April, 1893, and more than a year previous to the alleged assignment of the letters patent to the complainant by Young, the patentee, the said Abbott, as such attorney for Young, entered into an agreement in writing and under seal with the defendant, the Young Lock-Nut Company, wherein and whereby, among other things, he did agree to sell and deliver the letters patent in question to the said company for a certain specified consideration, to be paid in the manner therein set forth, and at the times mentioned; it being expressly stipulated between the parties to said contract that in the meantime, and until the payment by the said Young Lock Company of the said purchase money, and the delivery by the said Abbott of said letters patent to the said company, the said Lock-Nut company (the defendant here) was duly authorized to manufacture and sell the said patented articles, upon condition that certain royalties were paid. And it appears that afterwards the said letters patent were actually delivered to the defendant, who now has them in its possession. It is further alleged, and, indeed, is testified to in the affidavits used on this motion, that the letters patent were duly assigned to the defendant. But no deed of assignment is produced, and the complainant inferentially denies that any legal assignment was ever made. But it appears by the affidavit of the secretary of the defendant company that it has paid in full the consideration for the license and for the subsequent assignment of the letters patent; and Abbott, the attorney, testifies that, acting for the said Young, he received the full consideration for the license and assignment; and he further testifies that everything he did in the matter was made known to and was approved by Young.

These facts strongly militate against the granting of this motion. The defendant comes into court with clean hands, shows a prima facie justification, at least, of its alleged infringing acts, and certainly has the right to be undisturbed in the enjoyment of those rights which it has acquired by an expenditure of large sums of money, until the whole transaction can be sifted thoroughly and presented succinctly on final hearing. Even if it be true that no formal assignment in writing of the letters patent, as required by statute, has been made, yet, under the circumstances it might readily be held that the assignment by parol would vest an equity in the defendant corporation sufficient to defeat a motion for a preliminary injunction. Besides, it is not absolutely certan that the complainant, as the assignee of Young, has such standing in the court as to entitle it to the relief and remedy asked for. The irrevocable power of attorney executed and delivered to Abbott by Young could, without resort to violent stretching of rules of interpretation, be construed to be an assignment; and, if so, Young, so long as that power of attorney was outstanding, would have no rights or property in the letters patent capable of passing by assignment from him to any other. Of course, the complainant, if eventually such should turn out to be the true construction of this power of attorney, would have acquired no rights entitled to the protection sought, so far as they arise out of the alleged assignment by Young to it. Upon this, however, no opinion is intended to be expressed. It is only necessary to say that the case presented for consideration is not sufficiently free from doubt as to entitle the complainant to the preliminary injunction which it asks for; and the motion is therefore denied.